J-S23004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASHLEY ROSE VEGA, | |
| Appellant | No. 204 WDA 2018 |

Appeal from the Judgment of Sentence Entered December 8, 2017
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):
CP-33-CR-0000084-2016
CP-33-CR-0000086-2016
CP-33-CR-0000281-2016
CP-33-CR-0000282-2016
CP-33-CR-0000525-2015
CP-33-CR-0000526-2015

BEFORE:  BENDER, P.J.E., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED  JUNE 12, 2019**/

Appellant, Ashley Rose Vega, appeals from the judgment of sentence of an aggregate term of 6 to 17 years' imprisonment, imposed after the court revoked her probation based on a new conviction in an unrelated case. Counsel seeks permission to withdraw from further representation pursuant to **Anders v. California**, 386 A.2d 738 (Pa. 1967).  Upon review, we find that counsel's **Anders** brief satisfies the requirements set forth in **Commonwealth v. Santiago**, 97 A.2d 349 (Pa. 2009).  Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

We glean the following relevant facts and procedural history from the record. On March 2, 2016, in the Court of Common Pleas of Jefferson County, Appellant entered a guilty plea to one count of possession with intent to deliver a controlled substance[1] at CP-33-CR-525-2015, one count of delivery of a controlled substance[2] at CP-33-CR-526-2015, one count of possession of drug paraphernalia[3] at CP-33-CR-084-2016, and one count of using drug-free urine[4] at CP-33-CR-086-2016. On that same date, Appellant was sentenced to an aggregate term of 9 months to 2 years less 1 day of incarceration, followed by 3 years' probation.

On July 20, 2016, Appellant entered a guilty plea to one count of delivery of a controlled substance[5] at CP-33-CR-281-2016 and CP-33-CR-282-2016. On that same date, Appellant was sentenced to an aggregate term of 3 years' probation to run concurrently with the sentence imposed at CP-33-CR-525-2015.

On February 15, 2017, after Appellant admitted to technical violations of using a controlled substance, the trial court revoked all of Appellant's sentences and re-sentenced her to: (a) 5 years' drug and alcohol restrictive intermediate punishment and 6 months' house arrest at CP-33-CR-525-2015;

---

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(32).

[4] 18 Pa.C.S. § 7509(b).

[5] 35 P.S. § 780-113(a)(30).

(b) 5 years' probation at CP-33-CR-526-2015 (to run consecutive to the sentence imposed at CP-33-CR-525-2015); and (c) an aggregate of 5 years' probation at CP-33-CR-084-2016, CP-33-CR-086-2016, CP-33-CR-281-2016, and CP-33-CR-282-2016 (to run concurrent with the sentence imposed at CP-33-CR-526-2015).

On July 5, 2017, after again admitting to technical violations of using a controlled substance at each of the foregoing docket numbers, the trial court ordered Appellant to be committed to the Department of Corrections for an evaluation to determine if Appellant qualified for the State Intermediate Punishment ("SIP") Program. After receiving a determination from the Department of Corrections that Appellant was not suitable for the SIP Program, the trial court entered an order on December 8, 2017, sentencing Appellant to an aggregate term of 6 to 17 years' incarceration with a consecutive 1-year term of probation.

On December 21, 2017, the trial court denied Appellant's *pro se* motion for reconsideration, but granted her request for counsel. On January 25, 2018, counsel for Appellant filed a motion for reconsideration *nunc pro tunc*. On that same date, the trial court granted counsel's request to file the motion *nunc pro tunc*, but denied the request for reconsideration. On February 2, 2018, Appellant filed a timely appeal.[6] Appellant now presents the following

---

[6] We recognize that our Supreme Court recently held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues

- 3 -

issue for our review, via counsel's **Anders** brief: "Whether the [t]rial [c]ourt committed an abuse of discretion when it revoked Appellant's probation/parole and re-sentenced her to serve sentences aggregating to a minimum of … six (6) years [and] to a maximum of [seventeen] (17) years in a state correctional institution given the circumstances of the case[?]" **Anders** Brief at 4.

"When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 875 A.2d 638, 639 (Pa. Super. 2005) (quoting **Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa. Super. 1997)).

> Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
> > (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter to amicus curiae brief; and (3) furnish a copy of the brief to the [appellant] and advise the [appellant] of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

_____

arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018). The Court tempered its holding, however, by making it prospective only. The **Walker** opinion was filed on June 1, 2018; hence, this holding is not applicable in the instant matter, as Appellant filed her notice of appeal on February 2, 2018.

> *Commonwealth v. Miller*, 715 A.2d 1203 (Pa. Super. 1998) (citation omitted).

*Rojas*, 874 A.2d at 639. Appellant's counsel has complied with these requirements. Counsel petitioned for leave to withdraw, and filed a brief satisfying the requirements of *Anders*, as discussed, *infra*. Counsel also provided a copy of the brief to Appellant, and submitted proof that he advised Appellant of her right to retain new counsel, proceed *pro se*, and/or to raise new points not addressed in the *Anders* brief.

Our Supreme Court has held, in addition, that counsel must explain the reasons underlying his assessment of Appellant's case and his conclusion that the claims are frivolous. Thus, counsel's *Anders* brief must satisfy the following criteria before we may consider the merits of the underlying appeal:

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Upon review of the *Anders* brief submitted by Appellant's counsel, we find it complies with the technical requirements of *Santiago*. Counsel's *Anders* brief (1) provides a summary of the procedural history and facts of this case; (2) directs our attention, when applicable, to the portions of the record that ostensibly support Appellant's claim of error; (3) concludes that

Appellant's claim is frivolous; and (4) does so by citation to the record and appropriate/applicable legal authorities. Thus, we now examine whether Appellant's claim is, indeed, frivolous. We also must "conduct a simple review of the record to ascertain if there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 277 (Pa. Super. 2018) (*en banc*).

Appellant's allegations relate to the discretionary aspects of her sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotations omitted).

Here, the record reflects that Appellant filed a timely notice of appeal, properly preserved her claim in her post-sentence motion, and counsel has

included a Rule 2119(f) statement in his **Anders** brief in compliance with Pennsylvania Rules of Appellate Procedure.[7]  Thus, we proceed to determine whether Appellant has raised a substantial question to meet the fourth requirement of the four-part test outlined above.

As we explained in **Moury**:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis.  A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either:  (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Id.** at 170 (citations and internal quotations omitted).

Appellant maintains in her Rule 2119(f) statement that her revocation sentence is manifestly unreasonable "in that it was excessive and constituted too severe of a punishment under the circumstances of the case[] and the probation violation…."  Appellant's Brief at 10.  Appellant further avers that the reasons given by the trial court for the sentence do not justify the severity of the sentence.  **Id.**  Based on the arguments presented in Appellant's Rule 2119(f) statement, and the case law on which she relies, we conclude that she has presented a substantial question for our review.  **See Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000) ("On appeal from a revocation proceeding, we find a substantial question is presented

---

[7] We recognize that where counsel files an **Anders** brief, we may review the issue even absent a Rule 2119(f) statement.  **See Commonwealth v. Ziegler**, 112 A.3d 656, 661 (Pa. Super. 2015).

when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation.").

Accordingly, we will review the merits of Appellant's claim, mindful of the following standard of review:

> Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. It is also now accepted that in an appeal following the revocation of probation, it is within our scope of review to consider challenges to both the legality of the final sentence and the discretionary aspects of an appellant's sentence.

*Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citations omitted). Moreover, when we consider an appeal from a sentence imposed following the revocation of probation,

> [o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006) (internal citation omitted).

The reason for the trial court's broad discretion in sentencing and the deferential standard of appellate review is that "the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances

before it." ***Commonwealth v. Perry***, 32 A.3d 232, 236 (Pa. 2011) (internal citation and quotation marks omitted). Our Supreme Court has recognized that the sentencing court's "institutional advantage" is, perhaps, even "more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding." ***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014).

> At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721. ***See Commonwealth v. Reaves***, … 923 A.2d 1119, 1129 ([Pa.] 2007) (citing 204 Pa.Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation)).

***Id.***

Here, Appellant contends that an aggregate term of 6 to 17 years' incarceration was not warranted. Appellant's Brief at 12. Appellant states that all of her convictions and technical violations were drug-related and that they were merely consequences of her addiction. She argues, therefore, that her sentence was too harsh. ***Id.*** at 12-13.

Having carefully reviewed the record of Appellant's sentencing proceeding, we ascertain no abuse of discretion by the court. Initially, we stress that the court had the benefit of a pre-sentence investigation report and reviewed that report prior to the sentencing proceeding. N.T. Sentencing, 12/8/17, at 6. Additionally, the trial court indicated that it took into consideration relevant factors, such as Appellant's age, background, and prior record, as well as the determination that Appellant was not eligible for the SIP Program. *Id.*

The trial court summarized its reasoning in support of Appellant's post-revocation sentence in its Rule 1925(a) opinion, in which it so aptly opined:

> Each of [the] subject docket numbers pertains to a drug-related conviction, four for felony counts of delivery of a controlled substance and two for misdemeanor drug-related offenses. In each instance, the record suggests [Appellant] was not selling drugs just to earn money; like so many in her position, she was selling to support her addiction.
>
> As the record reflects, the charges pending in the first two cases did nothing to curb [Appellant's] drug use. On the contrary, within weeks of signing her conditions to be released on bail, [Appellant] once tested positive for and twice admitted [to] using heroin. Because of that, the court revoked her bail, after which she remained incarcerated for the next nine months, at which point she was released on parole.
>
> Four months after being paroled, [Appellant] again admitted to using heroin. She also admitted to using cocaine and was charged with technical violations because of it. The court's solution in that instance was to revoke her split sentence and re-sentence her to the county's Drug & Alcohol Restrictive Intermediate Punishment Program, which included a stint at an inpatient rehab facility, followed first by further treatment at a halfway house, intensive outpatient treatment, and non-intensive outpatient treatment. That was on February 15, 2017. The allure of drugs was too strong, though, and [Appellant] did not even

make it through her scheduled stay at the halfway house. Instead[,] she was back in front of the court on July 5, 2017[,] because of her inability to stay away from drugs, and it was then that the court ordered an SIP evaluation. The Department of Corrections concluded, however, that [Appellant's] "mental health stability" made her inappropriate for the program.

With SIP no longer an option, the most reasonable alternative, in the court's estimation, was to impose a significantly longer term of confinement than that to which [Appellant] had previously been subject[ed], together with a recommendation that she be afforded the opportunity to engage with the therapeutic community and hopefully learn to control her addictive impulses. Nine months of forced sobriety at the county jail had not accomplished that, … nor had inpatient rehab and the structure of a halfway house. What [Appellant] needed—for her own good as well as [for] that of the community—was a long-term, treatment-oriented disposition in a restrictive environment. Lesser options had already proven to be ineffective.

With credit for time served, and accounting for the lapse between when she was sentenced and [when she] will have the benefit of appellate review, [Appellant] will remain incarcerated for four more years before becoming eligible for parole, and once the parole board determines she is a suitable candidate, she will still remain accountable to a state agent long enough to make sure the therapeutic community achieved its purpose and did not merely give [Appellant] an alternative environment in which to bide her time until she could again gain access to drugs.

What the record indicates, therefore, is that the court did not render an arbitrary or uninformed sentencing decision in this case. It was well aware of [Appellant's] criminal history and her struggle with addiction, and it had the benefit of a pre-sentence investigation report to further guide it in fully considering her background and the other factors relevant to sentencing. Guided by those considerations, it deliberately and expressly rejected other alternatives and imposed a sentence it thought was best suited to address [Appellant's] particular rehabilitative needs and [to] protect society from her drug-seeking activities in the process.

Trial Court Opinion, 10/31/18, at 1-3 (unnecessary capitalization and citations to record omitted).

In response to Appellant's assertion that the court's reasoning for the post-revocation sentence imposed on her fails to justify the severity of the punishment, we note that:

> [F]ollowing revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant….

*Pasture*, 107 A.3d at 28. The *Pasture* Court further emphasized that "a trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him." *Id.* Based on our review of the record, we are satisfied with the justification provided for the sentence imposed on Appellant post-revocation, and we discern no abuse of discretion by the trial court.

Finally, our review of the record reveals no other potential, non-frivolous issues which Appellant could raise on appeal. As such, we agree with counsel that a direct appeal in this case is wholly frivolous. Accordingly, we grant counsel's motion to withdraw.

Judgment of sentence *affirmed*. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/12/2019