J-S13006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KYLE DAVEY CRIBBS, | |
| Appellant | No. 278 WDA 2018 |

Appeal from the Judgment of Sentence Entered January 17, 2018
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):
CP-33-CR-0000624-2013
CP-33-CR-0000626-2013

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 30, 2019**

Appellant, Kyle Davey Cribbs, appeals from the judgment of sentence of an aggregate term of 10 to 20 years' imprisonment, imposed after the court revoked his probation based on a new conviction in an unrelated case. Counsel seeks permission to withdraw from further representation pursuant to ***Anders v. California***, 386 A.2d 738 (Pa. 1967).  In our initial memorandum filed on May 7, 2019, we found that counsel's ***Anders*** brief satisfied the requirements set forth in ***Commonwealth v. Santiago***, 97 A.2d 349 (Pa. 2009), and we granted counsel's petition to withdraw.  Subsequently, we granted reconsideration to provide Appellant with an opportunity to

_____

[*] Retired Senior Judge assigned to the Superior Court.

respond to counsel's petition. Appellant now challenges the legality of his post-revocation sentence, alleging that the court failed to consider time served for the original sentence. After careful review, we vacate the judgment of sentence, deny counsel's motion to withdraw, and we remand this case for re-sentencing.

We glean the following relevant facts and procedural history from the record. On March 19, 2014, in the Court of Common Pleas of Jefferson County, Appellant entered a guilty plea to two charges of possession with intent to deliver ("PWID") a controlled substance[1] at Nos. CP-33-CR-624-2013 and CP-33-CR-626-2013. On that same date, Appellant was sentenced to an aggregate term of 8 to 16 months' incarceration, followed by 20 months' probation.

On August 9, 2016, after taking judicial notice of a guilty plea that Appellant entered regarding new charges in Clearfield County,[2] the trial court revoked Appellant's probation and re-sentenced him to 3 years' probation at docket Nos. CP-33-CR-624-2013 and CP-33-CR-626-2013, with the sentences to run concurrent to each other and consecutive to the sentence imposed for a conviction in Jefferson County at CP-33-CR-143-2013.

_____

[1] 35 P.S. § 780-113(a)(30).

[2] On March 29, 2016, Appellant was charged with driving under the influence by the Dubois City Police Department from an incident that occurred on December 11, 2015. Additionally, Appellant admitted to the purchase and use of methamphetamines.

On January 17, 2018, after taking judicial notice of Appellant's conviction and sentencing for new charges of endangering the welfare of children and simple assault at docket No. CP-33-CR-540-2017, the trial court revoked Appellant's probation at docket Nos. CP-33-CR-624-2013 and CP-33-CR-626-2013 and re-sentenced him to an aggregate term of 10 to 20 years' imprisonment.[3]  Appellant filed a motion for reconsideration on January 25, 2018, which was denied by the court on that same date.

On February 15, 2018, Appellant filed a timely appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[4]  Appellant presented the following issue for our review, via counsel's **Anders** brief:  "Whether the [t]rial [c]ourt committed an abuse of discretion when it revoked Appellant's probation/parole and re-sentenced him to serve sentences aggregating to a minimum of ten (10) years and to a maximum of twenty (20) years in a state correctional institution given the circumstances of the case[?]"  **Anders** Brief at 4.

---

[3] Appellant was re-sentenced to 2½ to 5 years' imprisonment at No. CP-33-CR-624-2013, and to 7½ to 15 years' imprisonment at No. CP-33-CR-626-2013.

[4] We recognize that our Supreme Court recently held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket.  The failure to do so requires the appellate court to quash the appeal."  **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018).  The Court tempered its holding, however, by making it prospective only.  The **Walker** opinion was filed on June 1, 2018; hence, this holding is not applicable in the instant matter, as Appellant filed his notice of appeal on February 15, 2018.

Counsel's petition to withdraw was initially granted by this Court on May 7, 2019; however, on July 8, 2018, we granted Appellant's *pro se* application for reconsideration in order to provide Appellant with the opportunity to file a response to the ***Anders*** brief, and we withdrew our May 7, 2019 decision. After being given an extension of time by this Court, Appellant filed a *pro se* responsive brief on September 24, 2018. In his response, Appellant presents the following sole issue for our review: "Whether Appellant's sentence at No. CP-33-CR-626-2013 exceeds the statutory maximum and is therefore illegal?" Appellant's Response at 2.

We begin by addressing counsel's application to withdraw and the issue raised in the ***Anders*** brief. "When faced with a purported ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Rojas***, 875 A.2d 638, 639 (Pa. Super. 2005) (quoting ***Commonwealth v. Smith***, 700 A.2d 1301, 1303 (Pa. Super. 1997)).

> Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter to amicus curiae brief; and (3) furnish a copy of the brief to the [appellant] and advise the [appellant] of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

> ***Commonwealth v. Miller***, 715 A.2d 1203 (Pa. Super. 1998)
> (citation omitted).

***Rojas***, 874 A.2d at 639. Appellant's counsel has complied with these requirements. Counsel petitioned for leave to withdraw, and filed a brief satisfying the requirements of ***Anders***, as discussed, *infra*. Counsel also provided a copy of the brief to Appellant, and submitted proof that he advised Appellant of his right to retain new counsel, proceed *pro se*, and/or to raise new points not addressed in the ***Anders*** brief.

Our Supreme Court has held, in addition, that counsel must explain the reasons underlying his assessment of Appellant's case and his conclusion that the claims are frivolous. Thus, counsel's ***Anders*** brief must satisfy the following criteria before we may consider the merits of the underlying appeal:

> [W]e hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Upon review of the ***Anders*** brief submitted by Appellant's counsel, we find it complies with the technical requirements of ***Santiago***. Counsel's ***Anders*** brief (1) provides a summary of the procedural history and facts of this case; (2) directs our attention, when applicable, to the portions of the record that ostensibly supports Appellant's claim of error; (3) concludes that

Appellant's claim is frivolous; and (4) does so by citation to the record and appropriate/applicable legal authorities. Thus, we now examine whether the claim set forth in the **Anders** brief is, indeed, frivolous.

The allegations raised on behalf of Appellant in the **Anders** brief relate to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotations omitted).

Here, the record reflects that Appellant filed a timely notice of appeal, properly preserved his claim in his post-sentence motion, and counsel has included a Rule 2119(f) statement in his **Anders** brief in compliance with Pennsylvania Rules of Appellate Procedure.[5] Thus, we proceed to determine

---

[5] We recognize that where counsel files an **Anders** brief, we may review the issue even absent a Rule 2119(f) statement. **See Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015).

whether Appellant has raised a substantial question to meet the fourth requirement of the four-part test outlined above.

As we explained in *Moury*:

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* at 170 (citations and internal quotations omitted).

Appellant maintains in his Rule 2119(f) statement that his revocation sentence is manifestly unreasonable "in that it was excessive and constituted too severe a punishment under the circumstances of the case and the probation violation…." Appellant's Brief at 7. Appellant further avers that the reasons given by the trial court for the sentence do not justify the severity of the sentence. *Id.* Based on the arguments presented in Appellant's Rule 2119(f) statement, and the case law on which he relies, we conclude that he has presented a substantial question for our review. *See Commonwealth v. Simmons*, 56 A.3d 1280, 1286 (Pa. Super. 2012) (quoting *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) ("A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question.")).

Accordingly, we will review the merits of Appellant's claim, mindful of the following standard of review:

Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of

discretion. An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. It is also now accepted that in an appeal following the revocation of probation, it is within our scope of review to consider challenges to both the legality of the final sentence and the discretionary aspects of an appellant's sentence.

*Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citations omitted). Moreover, when we consider an appeal from a sentence imposed following the revocation of probation,

> [o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006) (internal citation omitted).

The reason for the trial court's broad discretion in sentencing and the deferential standard of appellate review is that "the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Perry*, 32 A.3d 232, 236 (Pa. 2011) (internal citation and quotation marks omitted). Our Supreme Court has recognized that the sentencing court's "institutional advantage" is, perhaps, even "more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding." *Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014).

> At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721. *See Commonwealth v. Reaves*, … 923 A.2d 1119, 1129 ([Pa.] 2007) (citing 204 Pa.Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation)).

*Id.*

Here, Appellant concedes that a period of incarceration was warranted, but he argues that the imposition of consecutive sentences with an aggregate term of 10 to 20 years' imprisonment was manifestly unreasonable. Appellant's Brief at 10. Appellant notes that Jefferson County Adult Probation recommended an aggregate sentence of 7½ to 20 years' imprisonment, and he suggests that a shorter sentence would have been more than adequate protection of the public. *Id.*

Having carefully reviewed the record of Appellant's sentencing proceeding, we ascertain no abuse of discretion by the court. Initially, we stress that the court had the benefit of a pre-sentence investigation report and reviewed that report prior to the sentencing proceeding. N.T. Sentencing, 1/17/17, at 4-5. Additionally, the trial court indicated that it took into consideration the fact that the mother of Appellant's children ("Amanda") and

Appellant's father both obtained protection from abuse ("PFA") orders against Appellant. *Id.* at 5. While in jail, Appellant repeatedly attempted to contact Amanda and his father in violation of the PFA orders. *Id.* The court stated that these actions demonstrated Appellant's "lack of care and concern to any of the court's objectives or to any of the court's orders or rules[,]" and concluded, thus, that boot camp or the State Intermediate Punishment program ("SIP") would not be appropriate. *Id.* The court further addressed Appellant from the bench:

> [T]his type of assaultive behavior and threatening behavior, getting PFA[] [orders] from your family members, from the people you love, that it shows you could and are potentially dangerous to individuals, especially those closest to you.
>
> So[,] I think … that the maximum sentence is deserved and [is] also necessary to protect the public and your own family against you and to give you some time to reach statistical maturity age where perhaps you could control your own behaviors, which you haven't been able to do on the street since you were a juvenile.

*Id.* at 5-6.

Additionally, the trial court summarized its reasoning in support of Appellant's post-revocation sentence in its Rule 1925(a) opinion, in which it so aptly opined:

> Before the [c]ourt for re-sentencing, [Appellant] purported to take responsibility for his actions and, indicating his interest in being rehabilitated, asked it to consider SIP or motivational boot camp rather than the longer state sentence being recommended by Probation. His history and demeanor, however, suggested that he was only saying what he thought might result in a more favorable outcome. In that regard, his conduct at the jail while awaiting disposition at CP-33-CR-540-2017[,] and his devil-may-care attitude during proceedings related to that case[,] were far more instructive than the words he uttered on January 17, 2018.

Faced with a young man whose mindset and criminal proclivities had been unaffected by his previous dealings with the criminal justice system, therefore, the [c]ourt imposed a maximum term of incarceration. Certainly[,] a prior post-revocation sentence (with a boot camp recommendation) had not proven effective, … nor had the drug rehab to which he repeatedly referred in his *pro se* filings. An escalated sentence was thus warranted—one that would keep him sequestered from a community full of potential victims for the longest possible period of time while he matured and learned self-control. With the credit he was due for time served, though, it was also a sentence that offered him the potential for release within a few years.

Trial Court Opinion, 5/31/18, at 1-2 (citations to record and footnote omitted).

To the extent Appellant contends that the court failed to explain its reasoning for imposing a harsher sentence on Appellant post-revocation, we note that:

[F]ollowing revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant….

**Pasture**, 107 A.3d at 28. The **Pasture** Court further emphasized that "a trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him." **Id.** Based on our review of the record, we are satisfied with the justification provided for the sentence imposed on Appellant post-revocation, and we discern no abuse of discretion by the trial court.

- 11 -

Next, we address Appellant's *pro se* claim that his post-revocation sentence is illegal because the trial court failed to give him credit for time served on the original sentence. As this Court has previously stated: "This issue of whether a sentence is illegal is a question of law; therefore our task is to determine whether the trial court erred as a matter of law and, in doing so, our scope of review is plenary." ***Commonwealth v. Maxwell***, 932 A.2d 941, 942 (Pa. Super. 2007) (internal citation omitted).

Specifically, Appellant asserts that the trial court failed to give credit for the time he served on his original sentence at No. CP-33-CR-626-2013 when it re-sentenced him after the revocation of his probation. Considering that his new sentence is for the statutory maximum for a PWID conviction involving a controlled substance, and the fact that he has already served time on the original sentence for this conviction, Appellant argues that his post-revocation sentence exceeds the statutory maximum and, thus, is illegal. Appellant's Response at 3-5.

Section 9760 of the Sentencing Code, provides, in relevant part:

(1)    Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2)    Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in

- 12 -

accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

42 Pa.C.S. § 9760(1), (2).

As we discussed in **Commonwealth v. Crump**, 995 A.2d 1280 (Pa. Super. 2010), "while the language of Section 9760 does not discuss an illegal sentence or the situation where a person receives a new sentence as a result of a probation violation, our case law analyzing the statute has outlined the necessary considerations we must make in determining whether a sentence is illegal." **Id.** at 1284.

Our statutory and case law are clear. Subsequent to revocation of probation, the sentencing court has available to it all the options permissible at the time of initial sentencing, giving due consideration "to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). As long as the new sentence imposed does not exceed the statutory maximum *when factoring in the incarcerated time already served*, the sentence is not illegal. Additionally, the sentencing court cannot give a new split sentence where the period of incarceration and period of probation exceed the statutory maximum.

**Id.** at 1285 (internal citations omitted; emphasis added). **See also Commonwealth v. Williams**, 662 A.2d 658 (Pa. Super. 1995) (concluding that a defendant who had previously served time on a split sentence and was subsequently sentenced to the maximum term after revocation of his

- 13 -

probation was entitled to credit for time served for his original period of incarceration).[6]

Here, Appellant was originally sentenced to 8 to 16 months' imprisonment followed by 20 months' probation for his PWID conviction at No. CP-33-CR-626-2013. The maximum period of incarceration for PWID involving a controlled substance is 15 years. 35 P.S. § 780-113(f)(1). In sentencing Appellant after revocation of his probation, the trial court was limited by the statutory maximum of 15 years. After revoking Appellant's probation, the trial court imposed a sentence of 7½ to 15 years' imprisonment. That maximum prison sentence of 15 years, in addition to the time served by Appellant on the original sentence, clearly exceeds the statutory maximum of 15 years of incarceration. Because the trial court failed to give credit for time served, we are constrained to deem the sentence imposed upon revocation of Appellant's probation at No. CP-33-CR-626-2013 as an illegal sentence.

Accordingly, we deny counsel's motion to withdraw.[7] We further vacate the judgment of sentence at No. CP-33-CR-626-2013. Because our disposition of No. CP-33-CR-626-2013 upsets the trial court's overall sentencing scheme, we also vacate the judgment of sentence at No. CP-33-CR-624-2013 and remand this matter in its entirety for re-sentencing.

_____

[6] Our reasoning in **Williams** centered on the fact that the failure to award credit for the original time spent imprisoned would result in the defendant serving more time incarcerated than the lawful maximum. **Id.**

[7] The denial of counsel's request to withdraw is without prejudice to Appellant's right to request new counsel on remand.

*Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006).

Motion to withdraw as counsel *denied*.  Judgment of Sentence *vacated*.

Case *remanded*.  Jurisdiction *relinquished*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/30/2019