Peter **SCHOEN**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Aug. 9, 1968.

Domenic P. Cuccinello, Thomaston, for appellant.

John W. Benoit, Jr., Asst. Atty. Gen., Augusta, for appellee.

Before WEBBER, TAPLEY, MARDEN and WEATHERBEE, JJ.

WEBBER, Justice.

The petitioner for the writ of habeas corpus is presently incarcerated as the result of a sentence imposed upon a conviction for escape from jail. 17 M.R.S.A. Sec. 1405. Conviction was upon his plea of guilty to an information. The sole issue raised upon this appeal from denial of the writ is whether or not the information effectively charged the offense of escape

and thus conferred jurisdiction on the sentencing court.

The information charged in these terms:

"That on or about the twentieth day of July 1966, in the City of Belfast, County of Waldo, and State of Maine, the above named defendant Peter Schoen, while being lawfully detained in the Waldo County Jail at Belfast awaiting arraignment in the Maine District Court Fifth District, Division of Waldo County, pursuant to a lawful arrest for the alleged offense of operating a motor vehicle without a valid operator's license, *said alleged offense having been committed in the presence of the arresting officer,* did break from and out of said jail and go at large." (Emphasis ours.)

The petitioner contends that the information is faulty in describing the alleged offense for which he was arrested and held for arraignment in that it omitted to set forth that the motor vehicle operation occurred upon a "way," naming and locating same.

At the outset it must be emphasized that we are not here concerned with the requirements of pleading involved in a complaint charging a violation of 29 M.R.S.A. Sec. 531 captioned "License required." We are required only to examine the sufficiency of the information charging escape from a lawful detention.

■ 17 M.R.S.A. Sec. 1405 provides in pertinent part: "Whoever, being lawfully detained in any jail * * * breaks or escapes therefrom * * * shall be punished * * *." Since lawful detention is itself a legal conclusion, sufficient facts must be alleged to support the conclusion that the person charged was at the time of his escape lawfully detained. Smith v. State (1950) 145 Me. 313, 75 A.2d 538; State v. Couture (1960) 156 Me. 231, 163 A.2d 646. The information informs us and informed the petitioner upon his arraignment that at the time of his escape he had been arrested for an offense committed in the presence of the arresting officer and was then detained in jail awaiting arraignment upon that offense. 15 M.R.S.A. Sec. 704 includes the following significant language: "Every sheriff, deputy sheriff, constable, city or deputy marshall, or police officer *shall arrest and detain persons found violating any law* of the State or any legal ordinance or bylaw of a town until a legal warrant can be obtained * * *." (Emphasis ours.) It is important to note that *all* officers having the authority to make arrests have a clear mandate to arrest and detain all persons who commit *any* offense *in their presence.* It matters not, therefore, what constituted the particular violation of law, if in fact a criminal offense was committed in the arresting officer's presence. It is that fact which underlies the lawful detention from which one may not lawfully escape.

■ The information adequately conformed to the requirements of M.R.Crim. P., Rule 7(c) wherein it is stated, "The * * * information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." If the petitioner had desired more information with respect to the precise nature of the original charge on which he had been arrested and detained, he should have seasonably requested the filing of a bill of particulars as provided in Rule 7(f). That charge was only secondarily involved in the information charging escape and the State had no obligation to describe with technical precision the offense on which petitioner had been arrested and detained unless so ordered by the court under Rule 7(f). Language in the information designed to identify or describe that offense was mere surplusage and in no way requisite to a valid information charging escape. State v. Stallings (1966) 267 N.C. 405, 148 S.E.2d 252. The gist of the information was escape from jail and not operation without a license. We conclude that the information sufficiently alleged an unlawful escape from a lawful detention

and conferred jurisdiction upon the court to accept a plea and sentence thereon.

Appeal denied.

WILLIAMSON, C. J., and DUFRESNE, J., did not sit.