**STATE of Maine**

v.

**Vance G. TIBBETTS.**

Supreme Judicial Court of Maine.

May 25, 1978.

Robert Daviau (orally), David W. Crook, Deputy Dist. Attys., Skowhegan, for plaintiff.

James MacMichael (orally), Skowhegan, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

On November 19, 1976, defendant Vance G. Tibbetts was indicted in the Superior Court (Somerset County) for the offense of escape, in violation of 17–A M.R.S.A. § 755. He was tried before a jury and found guilty as charged.

We deny defendant's appeal from the judgment of conviction.

On June 2, 1976, while defendant was serving a sentence in the Maine State Prison in Thomaston, a writ of habeas corpus ad

prosequendum was issued pursuant to which a duly authorized officer transported defendant to Somerset County to be tried in the Superior Court on a charge of high and aggravated assault and battery. When the trial concluded on Friday, June 4, 1976, the Justice presiding issued an order of remand directing the Sheriff of Somerset County "forthwith" to keep and transport defendant to the State Prison.

During the above-mentioned trial defendant had been involved in an incident at the Somerset County jail. Based on this incident another assault charge was brought on which defendant was to be arraigned after the June 4th week-end. Learning of this, defendant asked to remain for the week-end at the Somerset County jail. The District Attorney agreed, and defendant spent the week-end at the jail. On Monday, June 7, 1976, shortly after defendant had been arraigned on the new assault charge and while he was in custody awaiting transportation to the State Prison, defendant escaped.

### 1.

■ Defendant contends that the indictment against him is fatally defective because it fails to allege the nature, type and circumstances of the official custody from which defendant escaped.[1]

Prior to the enactment of the Criminal Code and its formulation of the crime of escape for which defendant is here charged, this Court had indicated in various cases that an indictment charging the crime of escape should set forth the subsidiary factual circumstances which underlie the conclusory allegation that defendant was being "lawfully detained" at the time of his es-

cape. *Logan v. State*, Me., 263 A.2d 266 (1970); *Schoen v. State*, Me., 244 A.2d 815 (1968); *State v. Couture*, 156 Me. 231, 163 A.2d 646 (1960); *Smith v. State*, 145 Me. 313, 75 A.2d 538 (1950). In *Logan v. State*, supra, however, where we were speaking after the adoption of the Maine Rules of Criminal Procedure, we further explained that:

"Even though the terms 'lawful custody' and 'lawful detention', . . . may be viewed as legal conclusions, they are not meaningless. They convey to the accused the sense that his custody or detention was acquired in accordance with the provisions of law applicable to the circumstances recited in the indictment." (263 A.2d at 269)

We therefore decided in *Logan* that even though the indictment did not expressly allege all factual details establishing the basis for the lawfulness of the custody, they were contained by implication in the allegations which were expressly stated and, hence, the indictment was adequate to give defendant notice of the offense charged. See also *State v. Harriman*, Me., 259 A.2d 752 (1969).

Here, the indictment adequately informed defendant of the statute upon which the indictment was founded by alleging in almost the exact language of the statute, 17-A M.R.S.A. § 755, that defendant "did without official permission, intentionally leave official custody." The indictment further specified enough of the factual circumstances to provide defendant with clear identification of the underlying basis of the charge in the indictment. The indictment properly alleged, as the lawful basis for custody, that defendant was being

---

1. The indictment alleged:

"That on or about the seventh day of June A.D. 1976, in the Town of Skowhegan, County of Somerset, and State of Maine, the above named defendant Vance G. Tibbetts being a prisoner lawfully in official custody at the Somerset County Jail at said Skowhegan, having been convicted after a jury trial of High and Aggravated Assault and Battery under Somerset County Superior Court Docket Number I-75-471, and having been ordered on June 4, 1976, by the Honorable Lincoln Spencer, Justice, Superior Court, County of Somerset, pending sentencing on a charge of High and Aggravated Assault and Battery, to be delivered into the custody of the sheriff or any one or more of his deputies so authorized, [to] forthwith safely keep and transport the said Vance G. Tibbetts to the State Prison and that the said Warden of the Maine State Prison forthwith receive the said Vance G. Tibbetts into his official custody, did without official permission, intentionally leave lawful official custody."

transported forthwith to the Maine State Prison pursuant to an order of a Justice of the Superior Court (Somerset County). The indictment thus gave adequate notice to defendant of the essentials of the offense charged against him despite the absence of allegations expressly stating all of the details surrounding the "official custody"—details such as that defendant had been transported to Somerset County while serving a sentence at the Maine State Prison and that his prior sentence was the reason for the Superior Court's order that he be transported "forthwith" to the State Prison.[2]

### 2.

■ Defendant further maintains on appeal that the presiding Justice erred by refusing to strike testimony identifying the crime (high and aggravated assault and battery) for which defendant had been tried shortly before defendant escaped from custody. The argument is that since the lawfulness of the custody from which defendant escaped is a question of law to be decided by the presiding Justice, not the jury, *State v. Morton*, Me., 293 A.2d 775 (1972), it was improper and highly prejudicial to allow the jury to be informed of the particular crime for which defendant had been tried.

Defendant's contention concerns the following circumstances. At trial, the Deputy District Attorney for Somerset County testified that defendant had been brought to Somerset County on a writ of habeas corpus ad prosequendum. He then proceeded to testify that defendant was thereafter tried in Somerset County on a charge of high and aggravated assault and battery. Defendant objected and requested that the testimony specifically identifying the charge be stricken, but the testimony was not then stricken. However, in his charge to the jury the presiding Justice instructed the jury to disregard evidence concerning defendant's having been tried, or convicted, on a charge of assault and battery.

The Justice's instruction to the jury sufficiently provided the remedial relief sought by defendant's objection. Defendant had never claimed that irreparably unfair prejudice had been inflicted on him and therefore he should be granted a mistrial. Defendant requested only that the mention of the assault trial be stricken as evidence. The subsequent instruction by the presiding Justice had this effect. There is no indication that defendant was injured by the delay in providing him the remedy he sought.

### 3.

■ Defendant also contends that the Court erred in failing to instruct the jury that "forthwith" means immediately. In *State v. Morton*, Me., 293 A.2d 775, 779 (1972), as defendant himself has argued above, we explained:

"Whether the prisoner made an unauthorized departure from . . . [a place where] he was detained are issues of fact which the Justice properly submitted to the jury. Whether the detention was a *lawful* detention was a question of law for the Court." (emphasis in original)

The meaning of "forthwith" in the order of removal bore on the *lawfulness* of the detention. It was therefore an issue to be determined by the presiding Justice, not the jury, and the Justice acted correctly in refusing to speak of it to the jury.

### 4.

■ As another point of appeal, defendant contends that because he had been detained for an unreasonable time at the Somerset County jail in violation of the June 4, 1976 order that he be transported "forthwith" to the Maine State Prison, *State v. Couture*, 156 Me. 231, 163 A.2d 646 (1960), he was not lawfully in "official" custody when he "escaped" on June 7, 1976.

In *State v. Couture*, supra, this Court, dealing with the situation in which a Sher-

<hr>

**2.** Defendant filed a motion for a bill of particulars. The State responded to this motion by indicating that the information had already been supplied to defendant through informal discovery. Thereafter, defendant did not press his motion for a bill of particulars.

iff had delayed in delivering defendant to the State Prison pursuant to a mittimus, concluded that the lawfulness of the Sheriff's custody could depend on whether such delay had been unnecessarily long. At that time, however, statute provided that

> "[n]o convict shall be discharged from the State Prison until he has served the full term for which he was sentenced, including the day on which he was received into it, unless he is pardoned or otherwise released by legal authority." (34 M.R.S.A. § 702)

Since defendant would receive no credit toward the serving of his sentence for time spent in the County jail, it was critical in *Couture* whether defendant had been detained in the jail for an unreasonable length of time. Presently, 17–A M.R.S.A. § 1253(2) provides:

> "[w]hen a person sentenced to imprisonment has been committed for pre-sentence evaluation pursuant to section 1251, subsection 2, or has previously been detained to await trial, in any state or county institution, or local lock-up, for the conduct for which such sentence is imposed, such period of evaluation and detention shall be deducted from the time he is required to be imprisoned under such sentence."

As we have already stressed, the lawfulness of the custodial detention of defendant is a question to be decided by the presiding Justice. As here relevant, what made the actual custody an "official" custody was that it was "pursuant to court order." 17–A M.R.S.A. § 755(3). The presiding Justice had warrant to conclude that since the order of remand was issued on Friday, June 3, 1976 and it was defendant who requested that he be held at the Somerset County jail for the week-end pending arraignment of a new assault charge, the detention of defendant at the Somerset County jail until June 7, 1976 was in reasonable conformity with the directive that defendant be "forthwith" transported to the State Prison. Thus, defendant's custodial detention was unquestionably "official" since it was "pursuant to court order."

5.

As a last point of appeal, defendant contends that the presiding Justice committed error in refusing to instruct the jury that a completely subjective standard governs as to whether a defendant "intentionally" leaves "official" custody, within the meaning of 17–A M.R.S.A. § 755(1). The argument is that to be guilty of escape the defendant must know the circumstances by virtue of which his actual custodial detention is rendered "official" and, being thus informed, the defendant must also entertain actual subjective belief that the actual custody he is leaving is an *official* custody. Here, says defendant, the custodial detention was claimed to be official, within the definition set forth in 17–A M.R.S.A. § 755(3), as being "pursuant to court order." This being so, defendant maintains that if he subjectively believed that the failure of the Sheriff to return him "immediately" to the State Prison caused the subsequent detention to be in violation of, rather than "pursuant to", the Court's order of remand, defendant was not *intentionally* departing from *official* custody.

The contention fails. In the context of § 755(1) "intentionally" signifies only that defendant shall have "intended" to do the act which he did do, defendant being aware that thereby defendant would be leaving an *actual* custodial detention. Whether or not such actual custody is an "official" custody is to be determined objectively (1) on the relevant facts, whether or not known by defendant, and (2) in accordance with applicable legal principles, whether or not known by defendant. Acceptance of defendant's views would require us to give § 755(1) an interpretation at odds with the Code's general approach to the crime of escape. Were we to hold that a defendant must know the factual details by which actual custody is recognized by the law as being official custody and that a defendant will not be guilty of escape if he subjectively believes that the actual custody from which he intentionally departs lacks lawful basis as an official custody, we should encourage the resort to

self-help discountenanced by the Code. See 17–A M.R.S.A. § 755(2) and Comment thereto.

The entry is:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., did not sit.