J-S56004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEREMIE ALAN BAKER, | |
| Appellant | No. 56 MDA 2016 |

Appeal from the Judgment of Sentence Entered February 17, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000538-2014

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 21, 2016**

Appellant, Jeremie Alan Baker, appeals *nunc pro tunc* from the judgment of sentence of an aggregate term of 11 to 22 years' imprisonment, imposed after he was convicted of one count each of burglary (18 Pa.C.S. § 3502(a)(1)), robbery (18 Pa.C.S. § 3701(a)(1)(ii)), and criminal conspiracy to commit robbery (18 Pa.C.S. § 903(1)(1)). Counsel seeks permission to withdraw from further representation pursuant to ***Anders v. California***, 386 A.2d 738 (Pa. 1967). Upon review, we find that counsel's ***Anders*** brief substantially satisfies the requirements set forth in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We also agree with counsel that the issues Appellant seeks to raise on appeal – challenges to the sufficiency of

---

[*] Former Justice specially assigned to the Superior Court.

the evidence – are frivolous, and there are no other non-frivolous issues he could raise herein. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Appellant's convictions stem from an incident that occurred during the early morning hours of May 21, 2014, at the home of the victims, Sanjiv and Rashmi Mohla. Mr. and Mrs. Mohla own three gas stations and two small motels. They reside next door to one of their motels, the Fairfield Lodge, located in Fairfield, Pennsylvania. N.T. Trial, 12/9/14, at 59-60. Mr. and Mrs. Mohla routinely brought cash home at the end of each business day and kept the cash in a money bag in either their kitchen or bedroom overnight. Mrs. Mohla would then deposit the funds at the bank the next day. *Id.* at 65-67.

Appellant's father, Phillip Baker, was a master electrician and did some work for Mr. and Mrs. Mohla at their places of business beginning in July or August of 2013. Later that year, Phillip Baker introduced Appellant to the Mohla's. Appellant and his brother, Jeffrey Baker, began doing yard work and other odd jobs around the Fairfield Lodge in December 2013. *Id.* at 60-64. Mr. Mohla testified that there were several occasions between April 14, 2014 and May 20, 2014, where a portion of the cash from their business went missing from their home. *Id.* at 72-75. At first, the Mohla's thought perhaps they had miscounted the funds, but then later began to suspect that Appellant and/or his brother were responsible. *Id.* at 113, 128.

On the night of the incident, Mr. and Mrs. Mohla were sleeping in their bedroom and were awoken around 1:00 a.m. by two men with flashlights. *Id.* at 76. Mr. Mohla attempted to get up, but was struck on the head with a flashlight by one of the men, causing him to bleed profusely and fall to his knees on the floor. The intruder then threatened to shoot him and held a gun to his forehead. *Id.* at 77. The other intruder went straight to the drawer where Mr. and Mrs. Mohla usually kept their money bag, and after discovering that the bag was empty, asked: "Where's the money?" *Id.* at 79-80. Mr. Mohla stated that both men became agitated and that the man holding the gun then demanded "the big money" or else he would shoot him. *Id.* at 80-82. The man with the gun then forced Mr. Mohla to his feet and prodded him with a gun to his back until Mr. Mohla finally led him to the money bag in another bedroom. The intruder instructed Mr. Mohla to get on the floor and not to look up at him or else he would shoot him. He then turned on the light, counted the money, and shouted to the other man, "We got the money. Let's go." *Id.* at 83-84. While Mr. Mohla was being held at gun point and led throughout the house by one intruder, the other intruder stayed with Mrs. Mohla and instructed her to "lie down or you'll get hurt." *Id.* at 122. Mrs. Mohla testified that she recognized this man as Appellant. *Id.* at 120.

Following a jury trial, Appellant was sentenced to the above-stated term on February 17, 2015. The trial court summarized the subsequent procedural history of this case in its Pa.R.A.P. Rule 1925(a) opinion:

No direct appeal was filed. However, on April 9, 2015, Appellant filed *pro se* correspondence challenging trial counsel's performance. This [c]ourt treated the correspondence as a Post Conviction Relief Petition[1] and appointed P.C.R.A. counsel to represent Appellant. Appointed counsel was further granted opportunity to file an Amended P.C.R.A. Petition in compliance with statutory authority. Thereafter, [an] Amended P.C.R.A. Petition was timely filed which included a claim that trial counsel abandoned Appellant on direct appeal. After [a] pre-hearing conference, this [c]ourt conducted [a] hearing on October 19, 2015. By Order dated December 17, 2015, Appellant's P.C.R.A. Petition was granted to the extent trial counsel was ineffective in failing to timely perfect an appeal. Accordingly, Appellant's post[-]sentence rights were reinstated. This direct appeal follows. *See Commonwealth v. Huddleston*, 55 A.3d 1217 (Pa. Super. 2012).

Trial Court Opinion (TCO), 3/11/16, at 1 n.1.

Appellant now presents the following claims, via counsel's **Anders** brief, as follows:

I.     Was the evidence insufficient to find [Appellant] guilty of conspiracy when the element of planning of the crime of conspiracy was not established at trial, in that no other person was charged?

II.    Was the evidence insufficient to find [Appellant] guilty of robbery when there was no testimony that [he] had a weapon, nor was there testimony that [Appellant] made any threats of force?

**Anders** Brief at 7.

"When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super.

_____

[1] Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

2005) (quoting **Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa. Super. 1997)).

> Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
>> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the [appellant] and advise the [appellant] of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.
>
> **Commonwealth v. Miller**, 715 A.2d 1203 (Pa. Super. 1998) (citation omitted).

**Rojas**, 874 A.2d at 639. Appellant's counsel has complied with these requirements. Counsel petitioned for leave to withdraw, and filed a brief satisfying the requirements of **Anders**, as discussed, *supra*. Counsel also provided a copy of the brief to Appellant, and submitted proof that he advised Appellant of his right to retain new counsel, proceed *pro se*, and/or to raise new points not addressed in the **Anders** brief.

Our Supreme Court has held, in addition, that counsel must explain the reasons underlying his assessment of Appellant's case and his conclusion that the claims are frivolous. Thus, counsel's **Anders** brief must satisfy the following criteria before we may consider the merits of the underlying appeal:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Upon review of the **Anders** brief submitted by Appellant's counsel, we find that it contains a summary of the procedural history and facts of this case, identifies the issues that Appellant wishes to raise, and references facts and case law arguably supporting those claims. We acknowledge that counsel's **Anders** brief lacks a conclusion that Appellant's claims are frivolous and reasons to support this conclusion. However, counsel did state in his petition to withdraw that, after a conscientious examination of the record, he determined the issues to be frivolous.

Here, we will overlook counsel's failure to include a statement of frivolity in his **Anders** brief, because that omission does not impede our ability, in this case, to review Appellant's sufficiency claims in accordance with our standard of review.[2] Based on the foregoing, we find that Appellant's counsel has substantially complied with the **Anders'** requirements. Substantial compliance has been deemed sufficient for

---

[2] Counsel should be careful to fully comply with all of the **Anders** requirements in future cases.

withdrawal on direct appeal. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007). Thus, we now examine whether Appellant's claims are, indeed, frivolous.

To begin, we note our standard of review:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).

First, we review Appellant's challenges to the sufficiency of the evidence to support his conviction of robbery. To sustain a conviction for robbery under 18 Pa.C.S. § 3701(a)(1)(ii), the Commonwealth is required to prove "that in the course of committing a theft, [the] [a]ppellant threatened another with or intentionally put her in fear of immediate serious bodily injury." *Commonwealth v. Valentine*, 101 A.3d 801, 806-807 (Pa. Super. 2014) (internal quotation marks and citations omitted). Appellant alleges that the evidence was insufficient to support his conviction of robbery because he did not have any weapon and did not make any threats. Appellant's Brief at 15. However, under Pennsylvania law, "[t]he evidence is sufficient to convict a defendant of robbery under this section if the evidence demonstrates aggressive actions that threatened the victim's safety. The

court must focus on the nature of the threat posed by an assailant and whether he reasonably placed a victim in fear of immediate serious bodily injury." ***Id.*** at 807 (internal citations omitted). Thus, this claim is frivolous.

Appellant contends that he lacked the criminal intent to cause serious bodily harm and that he did not assist with the robbery, but rather attended to the wife and kept her from getting hurt. Appellant's Brief at 15. After careful review, we discern Appellant's contentions to be wholly frivolous. As the trial court summarized in its opinion:

> [T]wo intruders entered the home of the victims in the middle of the night. One victim was struck in the head by a heavy flashlight and led away by gunpoint. The other was forced to the ground with the instruction to lie there or she would be hurt. This instruction followed her observation of the other intruder putting a gun in her husband's face after knocking him to the floor with a flashlight blow to his head and thereafter threatening to shoot him. Although it is reasonable to conclude from the trial evidence that the intruder other than Appellant was the more violent of the two and possessed the firearm, this distinction is immaterial. Pennsylvania law is clear that evidence of Appellant's assistance to the other intruder throughout the course of the robbery is sufficient to support a finding of shared intent to facilitate the other's actions. ***Commonwealth v. Everett***, 443 A.2d 1142, 1145 (Pa. 1982). Thus, even assuming Appellant did not carry a weapon, employ threats, or cause physical injury, his assistance to the other intruder is sufficient to support the elements necessary for conviction. ***Id.***

TCO at 4.

Next, Appellant argues that the evidence was insufficient to sustain his conviction of conspiracy to commit robbery. He asserts that a conspiracy requires at least two members and suggests that he was the only person charged in this matter with conspiracy. Appellant's Brief at 12. Appellant

also argues that the Commonwealth failed to prove that he entered into an agreement to commit a crime. *Id.* Based on the following, Appellant's claims are frivolous.

It is well-established that "[t]o sustain a conviction for criminal conspiracy, the Commonwealth must establish the defendant: (1) entered into an agreement to commit or aid in an unlawful act with another person or persons; (2) with a shared criminal intent; and (3) an overt act was done in furtherance of the conspiracy." *Commonwealth v. Devine*, 26 A.3d 1139, 1147 (Pa. Super. 2011). "This overt act need not be committed by the defendant; it need only be committed by a co-conspirator." *Commonwealth v. Hennigan*, 753 A.2d 245, 253 (Pa. Super. 2000) (citations omitted).

As the trial court stated in its well-thought-out opinion, the evidence at trial overwhelmingly satisfied the above elements. TCO at 2. Both victims testified,

> that they were awakened at gunpoint in the middle of the night by *two individuals* who were shining flashlights in their eyes. The male victim was struck in the head with a large metal flashlight and [was] removed from the bedroom at gunpoint while being directed to take one of the intruders to the location … where the money was secured. The second intruder remained upstairs with the female victim instructing her to lie on the floor and remain there or "she would get hurt." Both victims described a scenario wherein the two intruders were acting in concert with each other. After locating the money, both intruders fled ….

*Id.* (internal footnote omitted) (emphasis added).

"Proof of conspiracy is almost always extracted from circumstantial evidence." *Hennigan*, 753 A.2d at 253. Even if an explicit agreement to commit a crime cannot be proven, "[t]he conduct of the parties and the circumstances surrounding such conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt." *Devine*, 26 A.3d at 1147. Moreover, "[e]ven if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators in furtherance of the conspiracy." *Commonwealth v. Knox*, 50 A.3d 749, 755 (Pa. Super. 2012). Finally, "this Court has repeatedly held that flight, along with other circumstantial evidence, supports the inference of a criminal conspiracy." *Commonwealth v. Marquez*, 980 A.2d 145, 150 (Pa. Super. 2000). Flight from the scene of the crime, when viewed in the totality of the circumstances, can be evidence of consciousness of guilt and a desire to escape prosecution. *Id.*

We conclude that the totality of the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to sustain Appellant's convictions for robbery and conspiracy to commit robbery, and that Appellant's sufficiency claims are frivolous. Finally, our review of the record reveals no other potential, non-frivolous issues which Appellant could raise on appeal. Accordingly, we grant counsel's motion to withdraw.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/21/2016