J-S34021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHRAF HUSSAN FAGAIR | : | |
| | : | |
| Appellant | : | No. 2089 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 9, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001194-2019

BEFORE: PANELLA, P.J., BENDER, P.J.E., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED SEPTEMBER 30, 2020**

Ashraf Hussan Fagair ("Appellant") appeals from the judgment of sentence of 24 months' probation, imposed after his guilty plea to one count each of simple assault[1] and criminal mischief.[2] Counsel seeks permission to withdraw from further representation pursuant to **Anders v. California**, 386 A.2d 738 (Pa. 1967). Upon review, we find that counsel's **Anders** brief satisfies the requirements set forth in **Commonwealth v. Santiago**, 98 A.2d 349 (Pa. 2009), and that there are no non-frivolous claims that Appellant can raise herein. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

---

[1] 18 Pa.C.S. § 2701(a)(1).

[2] 18 Pa.C.S. § 3304(a)(2).

The trial court provided the following summary of the procedural history in this matter:

> This case involves [Appellant's] appeal from a judgment of sentence entered on December 9, 2019[,] following his plea of guilty to one count of simple assault, a second degree misdemeanor, and one count of criminal mischief, a summary offense.[3] The [c]ourt sentenced in accordance with a negotiated plea agreement; [Appellant] was sentenced to twenty-four months of probation and ordered to pay restitution for the simple assault conviction, and an order of separate penalty was entered for the criminal mischief conviction. The remaining charge to the criminal information, summary harassment, was *nol prossed*.

TCO at 1.

Appellant filed a timely, *pro se* appeal on December 29, 2019, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He now presents the following issue for our review, via counsel's **Anders** brief: "Was [Appellant's] guilty plea valid and not coerced by the prosecutor's threats?" **Anders** Brief at 4.

_____

[3] To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. **Commonwealth v. Pollard**, 832 A.2d 517, 522 (Pa. Super. 2003). The trial court noted:

> [Appellant's] answers to the questions posed to him during his on-record colloquy confirmed, *inter alia*, that he understood the charges to which he was pleading guilty, that a factual basis for his plea to the charges existed, that he understood a guilty plea must be entered voluntarily, and that he was entering his plea voluntarily. [Appellant] did not state that he had been unduly pressured or coerced into entering a plea as opposed to standing trial on the charges.

Trial Court Opinion ("TCO"), 1/21/20, at 2.

- 2 -

"When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting **Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa. Super. 1997)).

> Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
> > (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter to amicus curiae brief; and (3) furnish a copy of the brief to the [appellant] and advise the [appellant] of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.
>
> **Commonwealth v. Miller**, 715 A.2d 1203 (Pa. Super. 1998) (citation omitted).

**Rojas**, 874 A.2d at 639. Appellant's counsel has complied with these requirements. Counsel petitioned for leave to withdraw, and filed a brief satisfying the requirements of **Anders**, as discussed, *infra*. Counsel also provided a copy of the brief to Appellant, and submitted proof that he advised Appellant of his right to retain new counsel, proceed *pro se*, and/or to raise new points not addressed in the **Anders** brief.

Our Supreme Court has held, in addition, that counsel must explain the reasons underlying his assessment of Appellant's case and his conclusion that

- 3 -

the claims are frivolous. Thus, counsel's **Anders** brief must satisfy the following criteria before we may consider the merits of the underlying appeal:

> [W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Upon review of the **Anders** brief submitted by Appellant's counsel, we find it complies with the technical requirements of **Santiago**. Counsel's **Anders** brief (1) provides a summary of the procedural history and facts of this case; (2) directs our attention, when applicable, to the portions of the record that ostensibly supports Appellant's claim of error; (3) concludes that Appellant's claim is frivolous; and (4) does so by citation to the record and appropriate/applicable legal authorities. Thus, we now examine whether Appellant's claim is, indeed, frivolous. We also must "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, Appellant challenges the validity of his guilty plea.

> Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal

all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea. **Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa. Super. 2008)…. A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." **Commonwealth v. Roberts**, … 352 A.2d 140, 141 ([Pa. Super.] 1975) (holding that [a] common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "[t]he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal[, and … s]trict adherence to this procedure could, indeed, preclude an otherwise costly time consuming, and unnecessary appeal to this court").

Likewise:

> Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. Similarly, challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

**Commonwealth v. Rush**, A.2d 945, 949 (Pa. Super. 2008), *appeal denied*, … 972 A.2d 521 ([Pa.] 2209).

*Commonwealth v. Lincoln*, 72 A.3d 606, 610 (Pa. Super. 2013).

After careful review of the record, we have determined that Appellant failed to preserve his challenge to the validity of his guilty plea by either objecting during the plea colloquy or by filing a post-sentence motion to withdraw his plea. ***See id.*** Accordingly, we are constrained to deem Appellant's claim waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); ***Tareila***, 895 A.2d at 1270 n.3 ("Where an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal.").

Our review of the record reveals no other potential, non-frivolous issues that Appellant could raise on appeal. As such, we agree with counsel that a direct appeal in this case is wholly frivolous. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

President Judge Panella joins this memorandum.

President Judge Emeritus Ford Elliott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/30/2020

- 6 -