J-A14010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHELLE SHULLA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLAYTON L. KNORR, JR. | : | |
| | : | |
| Appellant | : | No. 1217 MDA 2021 |

Appeal from the Judgment of Sentence Entered August 17, 2021
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2021-05213

BEFORE:   BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED:  JUNE 28, 2022**

Appellant, Clayton L. Knorr, Jr., appeals from the judgment of sentence of two months' probation, imposed after the trial court convicted him of indirect criminal contempt ("ICC") for having violated a protection from abuse ("PFA") order issued under the Protection from Abuse Act, ("PFAA"), 23 Pa.C.S. § 6101 *et seq*.  Counsel seeks permission to withdraw from further representation pursuant to ***Anders v. California***, 386 A.2d 738 (Pa. 1967).[1]  Upon review, we find that counsel's ***Anders*** brief satisfies the requirements

---

[*] Former Justice specially assigned to the Superior Court.

[1] Counsel initially filed an ***Anders*** brief on February 8, 2022, which was stricken by this Court on February 15, 2022, for failure to comply with the procedural and substantive requirements of ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and for failure to file a petition to withdraw or a letter advising Appellant of his rights pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005).  On February 28, 2022, counsel filed an application to withdraw as counsel and an amended ***Anders*** brief.

set forth in **Santiago**, **supra**. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

This matter was initiated by a temporary PFA order obtained by Michelle Shulla against Appellant on May 24, 2021. After several continuances, a hearing on the temporary PFA was scheduled for August 17, 2021. In the meantime, the Plains Township Police Department filed a complaint against Appellant, charging him with ICC for violation of the PFA order, pursuant to 23 Pa.C.S. § 6114(a). Attached to its complaint was an affidavit of probable cause, in which the arresting officer stated:

> On 6/13/2021[,] at approximately 13:52 hours[,] Michelle Shulla received a phone call from a private number and answered the call. Shulla stated that the call was made by her ex[-]boyfriend ([Appellant]) who she currently has an active NO Contact PFA against…. Shulla stated that she knows the call came from [Appellant] because she recognized his voice. Shulla then reported the incident to county 911 and shortly after came to the Plains Township Police Station and provided a written statement that reflects the above. The order was also confirmed to have been served to [Appellant] on 06/04/2021 while he was incarcerated at [the Luzerne County Correctional Facility ("LCCF")]….

Affidavit of Probable Cause, 6/13/21 (single page). An ICC hearing was held on August 17, 2021, in conjunction with the continued PFA hearing.

Ms. Shulla, Appellant, and Appellant's sister, Tammy Knorr, testified at the August 17, 2021 hearing, regarding the ICC charge. After hearing the testimony of the witnesses, the trial court entered an order finding Appellant guilty of violating the PFA order and sentenced him to a term of two months'

probation. Additionally, the trial court issued a final PFA order against Appellant, with an expiration date of August 17, 2022.

On September 15, 2021, Appellant filed a timely notice of appeal from the August 17, 2021 judgment of sentence. On September 17, 2021, the trial court directed Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court filed a Rule 1925(a) opinion on November 23, 2021.

Appellant now presents the following issues for our review, via counsel's *Anders* brief:

1. Whether the evidence was sufficient to find [Appellant] guilty of violating the [PFA o]rder?

2. Whether the facts presented support an arguable appellate issue?

*Anders* Brief at 3.

"When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa. Super. 1997)).

> Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
> > (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-

- 3 -

merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the [appellant] and advise the [appellant] of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

**Commonwealth v. Miller**, 715 A.2d 1203[, 1207-08] (Pa. Super. 1998) (citation omitted).

**Rojas**, 874 A.2d at 639. Appellant's counsel has complied with these requirements. Counsel petitioned for leave to withdraw, and filed a brief satisfying the requirements of **Anders**, as discussed, *infra*. Counsel also provided a copy of the brief to Appellant, and he submitted proof that he advised Appellant of his right to retain new counsel, proceed *pro se*, and/or to raise new points not addressed in the **Anders** brief.

Our Supreme Court has held, in addition, that counsel must explain the reasons underlying his assessment of Appellant's case and his conclusion that the claims are frivolous. Thus, counsel's **Anders** brief must satisfy the following criteria before we may consider the merits of the underlying appeal:

[W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Upon review of the **Anders** brief submitted by Appellant's counsel, we find it complies with the technical requirements of **Santiago**. Counsel's **Anders** brief (1) provides a summary of the procedural history and facts of

this case; (2) directs our attention, when applicable, to the portions of the record that ostensibly supports Appellant's claim of error; (3) concludes that Appellant's claim is frivolous; and (4) does so by citation to the record and appropriate/applicable legal authorities.[2] Thus, we now examine whether Appellant's claim is, indeed, frivolous. We also must "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

We review a challenge to the sufficiency of the evidence mindful of the following standard of review:

> In determining whether the evidence was sufficient to support a
> defendant's conviction, we must review the evidence admitted

---

[2] Counsel cited the notes of testimony from the August 17, 2021 contempt hearing in his *Anders* brief; however, the transcript was not included in the certified record. Our law is unequivocal that it is "the appellant's responsibility to order the transcript required and ascertain its presence in the record prior to certification for appeal." *Commonwealth v. O'Black*, 897 A.2d 1234, 1238 (Pa. Super. 2006). *See also* Pa.R.A.P. 1911(a). In the event that counsel discovers an omission after the record is certified, he may correct the omission by requesting transmittal of a supplemental certified record. *See* Pa.R.A.P. 1926(b)(2). It is not the responsibility of the appellate court to obtain the necessary transcript. *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006). "If, however, … notes of testimony are cited specifically by the parties …, then we have reason to believe that such evidence exists[, and i]n this type of situation, we might well make an informal inquiry to see if there was an error in transmitting the certified record to this Court." *Id.* at 8. Hence, we contacted the Luzerne County Prothonotary and obtained a copy of the missing transcript. While we were able to overlook counsel's failure to ensure that the certified record was complete in this instance, we warn counsel not to disregard the Pennsylvania Rules of Appellate Procedure in the future.

during the trial along with any reasonable inferences that may be drawn from that evidence in the light most favorable to the Commonwealth as the verdict winner. If we find, based on that review, that the jury could have found every element of the crime beyond a reasonable doubt, we must sustain the defendant's conviction.

**Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010). "The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Further, the trier of fact is free to believe all, part, or none of the evidence." **Commonwealth v. Taylor**, 137 A.3d 611, 614 (Pa. Super. 2016).

Section 6114 of the PFAA provides:

Where the police, sheriff or the plaintiff have filed charges of indirect criminal contempt against a defendant for violation of a protection order issued under this chapter, a foreign protection order or a court-approved consent agreement, the court may hold the defendant in indirect criminal contempt and punish the defendant in accordance with the law.

23 Pa.C.S. § 6114(a). To establish indirect criminal contempt, the Commonwealth must prove that:

1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent.

**Taylor**, 137 A.3d at 615 (citation omitted).

Here, the PFA order issued on May 24, 2021, expressly states:

1. [Appellant] shall not abuse, harass, stalk, threaten, or attempt or threaten to use physical force against any of the above persons in any place where they might be found.

…

- 6 -

3. Except for such contact with the minor child/ren as may be permitted under Paragraph 5 of this order, [Appellant] is prohibited from having ANY CONTACT with [Ms. Shulla], or any other person protected under this order, either directly or indirectly, at any location, including but not limited to any contact at [Ms. Shulla's] school, business, or place of employment….

4. Except for such contact with the minor child/ren as may be permitted under Paragraph 5 of this order, [Appellant] shall not contact [Ms. Shulla], or any other person protected under this order, by telephone or by any other means, including through third persons.

PFA Order, 5/24/21, at 1.

We deem the language of the PFA order to be sufficiently clear to leave Appellant with no doubt as to the type of conduct prohibited. **See Taylor**, **supra**. Moreover, the record reflects that Appellant was aware of the PFA order in place at the time of his alleged violation. **See** N.T. Hearing, 8/17/21, at 8 (Appellant's acknowledgment of a prior PFA hearing and that "there was to be no contact"). Thus, the first two elements needed to establish ICC have been met.

As to the third and fourth elements needed to establish ICC, Appellant's sufficiency claim focuses solely on the trial court's credibility determinations regarding the parties' testimony. Ms. Shulla testified at the hearing that she received a phone call from Appellant on June 13, 2021, during which he said to her, "do you want this to go away[,] or do I have to make it worse?" N.T. Hearing at 4-5. In response, Ms. Shulla "just cried and … hung up." **Id.** at 5. She stated that she then called 911 and filed a police report. **Id.** at 6.

- 7 -

Contrarily, Appellant and Ms. Knorr insisted that Appellant did not initiate the phone call on June 13, 2021. Rather, they both testified that Ms. Shulla placed the call and attempted to trick Appellant into talking to her. *Id.* at 8-9, 11. After hearing all of the testimony, the trial court found that the Commonwealth had met its burden of establishing the ICC charge, "based upon what the court deem[ed] to be credible evidence presented before it[.]" *Id.* at 13.

The trial court was free to believe all, part, or none of the evidence presented. *See Taylor*, *supra*. Clearly, it found Ms. Shulla's testimony to be credible. It is well-established that credibility determinations are strictly within the province of the finder of fact and, thus, we may not re-weigh the evidence and substitute our judgment for that of the trial court. *Commonwealth v. Gibson*, 720 A.2d 473, 480 (Pa. 1998). Accordingly, mindful of the trial court's credibility determinations and viewing the evidence in the light most favorable to the Commonwealth, we agree that the record contains sufficient evidence to support the trial court's finding that the Commonwealth met its burden of establishing ICC.

Finally, our review of the record reveals no other potential, non-frivolous issues that Appellant could raise on appeal. As such, we agree with counsel that a direct appeal in this case is wholly frivolous. Accordingly, we grant counsel's motion to withdraw.

Judgment of sentence *affirmed*. Petition to withdraw *granted*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/28/2022