J-A14009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CLAYTON L. KNORR | : | |
| | : | |
| Appellant | : | No. 1442 MDA 2021 |

Appeal from the Judgment of Sentence Entered September 14, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000471-2021

BEFORE:   BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JULY 06, 2022**

Appellant, Clayton L. Knorr, appeals from the judgment of sentence of an aggregate term of 13 days' to 12 months' imprisonment, imposed after he pled guilty to one count of possession of a controlled substance (35 P.S. § 780-113(a)(16)).   Counsel seeks permission to withdraw from further representation of Appellant pursuant to ***Anders v. California***, 386 A.2d 738 (Pa. 1967).   Upon review, we find that counsel's ***Anders*** brief satisfies the requirements set forth in ***Commonwealth v. Santiago***, 98 A.2d 349 (Pa. 2009).   Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

We glean the following relevant facts and procedural history from the record.   On September 14, 2021, in the Court of Common Pleas of Luzerne

_____

[*] Former Justice specially assigned to the Superior Court.

County, Appellant entered a plea of guilty to one charge of possession of a controlled substance. On that same date, Appellant was sentenced to a term of 13 days' to 12 months' incarceration and was immediately paroled.

On September 16, 2021, Appellant filed a motion to modify his sentence, along with a motion for permission to withdraw his guilty plea. A hearing was held on October 6, 2021, during which both motions were denied. On October 29, 2021, Appellant filed a timely notice of appeal, followed by a Pa.R.A.P. 1925(c)(4) statement of his intention to file an **Anders** brief. The trial court did not file a Rule 1925(a) opinion.[1]

Appellant now presents the following issues for our review, via counsel's **Anders** brief:

1. Whether there is a factual basis to argue that to deny the withdrawal of the guilty plea would amount to a manifest injustice?

2. Whether the sentence was manifestly excessive?

3. Is there anything of record which supports a legally cognizable challenge to the trial court's decisions?

**Anders** Brief at 3.

"When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to

---

[1] We note that our review of this matter is not precluded due to the lack of a Rule 1925(a) opinion, as we are able to discern the trial court's reasoning regarding the issues raised by Appellant from the record. **See Commonwealth v. Hood**, 872 A.2d 175, 178 (Pa. Super. 2005) (stating the lack of a Rule 1925(a) opinion is not always fatal to our review, because we can look to the record to ascertain the reasons for the order).

withdraw." ***Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting ***Commonwealth v. Smith***, 700 A.2d 1301, 1303 (Pa. Super. 1997)).

> Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
>> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the [appellant] and advise the [appellant] of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.
>
> ***Commonwealth v. Miller***, 715 A.2d 1203 (Pa. Super. 1998) (citation omitted).

***Rojas***, 874 A.2d at 639. Appellant's counsel has complied with these requirements. Counsel petitioned for leave to withdraw and filed a brief satisfying the requirements of ***Anders***, as discussed, *infra*. Counsel also provided a copy of the brief to Appellant and submitted proof that he advised Appellant of his right to retain new counsel, to proceed *pro se*, and/or to raise new points not addressed in the ***Anders*** brief.

Our Supreme Court has held, in addition, that counsel must explain the reasons underlying his assessment of Appellant's case and his conclusion that the claims are frivolous. Thus, counsel's ***Anders*** brief must satisfy the following criteria before we may consider the merits of the underlying appeal:

> [W]e hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1)

provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Upon review of the *Anders* brief submitted by Appellant's counsel, we find it complies with the technical requirements of *Santiago*. Counsel's *Anders* brief (1) provides a summary of the procedural history and facts of this case; (2) directs our attention, when applicable, to the portions of the record that ostensibly support Appellant's claim of error; (3) concludes that Appellant's claim is frivolous; and (4) does so by citation to the record and appropriate/applicable legal authorities. Thus, we now examine whether Appellant's claim is, indeed, frivolous. We also must "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

We are guided by the following principles in reviewing Appellant's claim regarding the denial of his motion to withdraw his guilty plea:

Although there is no absolute right to withdraw a guilty plea, when a request to withdraw a plea is made prior to sentencing, the trial court has discretion to permit withdrawal of the plea. *See* Pa.R.Crim.P. 591(A).

The proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable

- 4 -

demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 24 (Pa. Super. 2017) (citation omitted).

*Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019).

"Similarly, the decision to allow a defendant to withdraw a plea post-sentence is a matter that rests within the sound discretion of the trial court." *Id.*

However,

post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Commonwealth v. Kehr*, 180 A.3d 754, 756-57 (Pa. Super. 2018) (quoting

*Commonwealth v. Broaden*, 980 A.3d 124, 129 (Pa. Super. 2009) (citations

omitted)).

Instantly, Appellant filed his motion for permission to withdraw his guilty plea after the imposition of his sentence. Thus, his request was subject to the higher scrutiny as discussed, *supra*. Appellant does not assert a claim of innocence, nor does he demonstrate how the denial of his motion would result in a manifest injustice. He merely argues that when he "took the plea originally, … it was told to [him] that the district attorney's office would have

no problem with the time served; and then after [he] agreed to that deal, it was then switched over as the minimum and [he] didn't know that was part of the terms." N.T. Hearing, 10/6/21, at 2. Otherwise, Appellant claims he would have never taken the plea bargain. *Id.* At the October 6, 2021 hearing, Appellant further averred that "the colloquy wasn't even filled out until after [he] signed it. The last page of it was filled out after [his] signature was on it and it was changed from the wording that was explained to [him]." *Id.* at 5. These statements are inconsistent with his testimony at the time of his plea. *See* N.T. Hearing, 9/14/21, at 3-4 (Appellant's confirming his understanding of the plea agreement as set forth in the written colloquy, that the maximum penalty by law for his offense is three years in jail, that he reviewed the document with counsel, and that he signed the plea agreement); *Id.* at 5 (the trial court's concluding that Appellant's plea was "knowingly, voluntarily, and intelligently tendered"). Appellant is bound by the statements he made during his guilty plea colloquy. *See Culsoir*, 209 A.3d at 437 ("[D]efendants are bound by statements they make during their guilty plea colloquies and may not successfully assert any claims that contradict those statements."). Thus, we agree with the trial court's determination that Appellant failed to meet the legal standard to withdraw his guilty plea.

Next, we review Appellant's claim regarding the trial court's denial of his motion to modify his sentence. Appellant's allegations relate to the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotations omitted).

Instantly, the record reflects that Appellant filed a timely notice of appeal and properly preserved his claim in his post-sentence motion. Counsel failed to include a separate Pa.R.A.P. 2119(f) statement in his ***Anders*** brief; however, we do not consider this omission as precluding review of whether Appellant's issue is frivolous. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) (recognizing that where counsel filed an ***Anders*** brief, we may review the issue even absent a Rule 2119(f) statement). Thus, we proceed to determining whether Appellant has raised a substantial question to meet the fourth requirement of the four-part test outlined above.

As we explained in ***Moury***:

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument

that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, 992 A.2d at 170 (citations and internal quotations omitted).

Here, Appellant merely makes a bald assertion that his sentence is excessive. Generally, an appellant may raise an excessiveness challenge even when he is sentenced within the statutory limits for a particular crime. *See Commonwealth v. Mouzon*, 812 A.2d 617, 625 (Pa. 2002). "This does not mean, however, that the Superior Court must accept bald allegations of excessiveness." *Id.* at 627. Rather, our Supreme Court has held that,

only where the appellant[] … sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

*Id.* Appellant has failed to specify what, if any, particular provision of the Sentencing Code was violated, or which aspect of his standard-range sentence was contrary to the fundamental norms underlying the sentencing scheme. Thus, we conclude that Appellant has failed to raise a substantial question and, therefore, he is not entitled to any relief on this claim.

Nonetheless, even if we were to determine that Appellant had raised a substantial question invoking this Court's jurisdiction, we would review the merits of his claim mindful of the following standard of review:

Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. An abuse of discretion requires the trial court to have

acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citations omitted). The reason for the trial court's broad discretion in sentencing and the deferential standard of appellate review is that "the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." ***Commonwealth v. Perry***, 32 A.3d 232, 236 (Pa. 2011) (internal citation and quotation marks omitted). Based on our review of the record in the instant matter, we would discern no abuse of discretion on the part of the trial court. ***See*** N.T. Hearing, 9/14/21, at 7-10 (the trial court's stating of its reasoning for the issuance of Appellant's sentence).

Finally, our review of the record reveals no other potential, non-frivolous issues that Appellant could raise on appeal. As such, we agree with counsel that a direct appeal in this case is wholly frivolous. Accordingly, we grant counsel's motion to withdraw.

Judgment of sentence ***affirmed***. Petition to withdraw ***granted***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/06/2022

- 9 -