J-S07037-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MIGUEL ANGEL RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 650 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 14, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004713-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MIGUEL A. RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 706 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 14, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004712-2022

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: MAY 5, 2026**

Appellant, Miguel A. Rodriguez, appeals from the aggregate judgment of sentence of life without the possibility of parole, followed by a consecutive term of forty-one and one-half to eighty-five years of incarceration, following his convictions for first-degree murder, assault on law enforcement officers, aggravated assault, and multiple related offenses.  Additionally, Appellant's counsel, MaryJean Glick, Esq., ("Appellate Counsel"), requests permission to

withdraw from further representation pursuant to **Anders v. California**, 386 A.2d 738 (Pa. 1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After review, we affirm the judgment of sentence and grant Appellate Counsel's petition to withdraw.

The record reflects that on September 11, 2022, Appellant was in the apartment that he shared with Nemesis Florentino when Appellant shot Ms. Florentino in the head resulting in her death.  **See** N.T., Trial, 2/3/25, at 209-212, 223-225, 231-234; N.T., Trial, 3/5/25, at 662-665.  When Officer John Mulligan, Officer Kyle Brown, and Lieutenant Christopher Chase arrived on the scene, Appellant began shooting through the doors and windows of the apartment at the officers, and the officers were prevented from entering the apartment to investigate or render aid to Ms. Florentino.  **See** N.T., Trial, 2/3/25, at 259, 263-65, 267-74, 278-79, 292.  Police ultimately fired teargas into the apartment leading to Appellant's surrender.  **See** N.T., Trial, 2/4/25, at 371-372, 376, 405-06.

Appellant was arrested and charged at trial court docket 4712-2022 with one count each of criminal homicide (18 Pa.C.S. § 2501(a)) and recklessly endangering another person ("REAP")(18 Pa.C.S. § 2705).  At trial court docket 4713-2022, Appellant was charged with three counts each of criminal attempt to commit murder of a law enforcement officer (18 Pa.C.S. § 901), assault of a law enforcement officer (18 Pa.C.S. § 2702.1(a)(1)), aggravated assault graded as a felony of the first degree (18 Pa.C.S. §2702(a)(2)), aggravated assault graded as a felony of the second degree (18 Pa.C.S.

§ 2702(a)(6)), REAP (18 Pa.C.S. § 2705), and obstructing administration of law or other governmental function (18 Pa.C.S. § 5101).

Following a jury trial, Appellant was convicted of first-degree murder and REAP at docket 4712-2022. The trial court sentenced Appellant to a term of life without the possibility of parole for the murder and a concurrent term of two years' probation for REAP. Sentencing Order (4712-2022), 4/14/25, at 1; N.T., Sentencing, 4/14/25, at 22.

At docket 4713-2022, the jury found Appellant guilty of two counts of assault on a law enforcement officer, two counts of aggravated assault graded as a first-degree felony, three counts of aggravated assault graded as a second-degree felony, three counts of REAP, and three counts of obstructing law enforcement.[1] Appellant was acquitted on the remaining counts. The trial court imposed an aggregate sentence of forty-one and one-half to eighty-five years of incarceration at docket 4713-2022. Sentencing Order (4713-2022), 4/14/25, at 1-4; N.T., Sentencing, 4/14/25, at 22-24. Appellant's aggregate sentence at both trial court dockets was life without the possibility of parole,

---

[1] Specifically, at docket 4713-2022, Appellant was found guilty at count four (assault on a law enforcement officer - Officer John Mulligan), count five (assault on a law enforcement officer - Officer Kyle Brown), count seven (aggravated assault (F1) – Officer John Mulligan), count eight (aggravated assault (F1) – Officer Kyle Brown), count ten (aggravated assault (F2) - Officer John Mulligan), count eleven (aggravated assault (F2) – Officer Kyle Brown), count twelve (aggravated assault (F2) – Lieutenant Christopher Chase), count thirteen (REAP – Officer John Mulligan), count fourteen (REAP – Officer Kyle Brown), count fifteen (REAP - Lieutenant Christopher Chase), count sixteen (obstructing law enforcement – Officer John Mullihan), count seventeen (obstructing law enforcement – Officer Kyle Brown), and count eighteen (obstructing law enforcement – Lieutenant Christopher Chase).

followed by a consecutive term of forty-one and one-half to eighty-five years of incarceration.

No post-sentence motions were filed, and Appellant filed timely appeals at both dockets.[2] In lieu of Pa.R.A.P. 1925(b) statements, Appellate Counsel filed statements of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4) at each docket.

In the **Anders** brief, Appellate Counsel identifies three issues which might arguably support an appeal. **Anders** Brief at 18-29. The issues challenge the sufficiency of the evidence, the legality of the sentences imposed, and the discretionary aspects of the sentences imposed. **See id.**

Before we determine whether the issues Appellate Counsel identified are frivolous, we must first address the petition to withdraw. When presented with a petition to withdraw, this Court "must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted." **Commonwealth v. Weitzel**, 304 A.3d 1219, 1223 (Pa. Super. 2023). When seeking to withdraw as counsel on a direct appeal under **Anders**,

> counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient **Anders** brief; and (3) provide a copy of the **Anders** brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention.

_____

[2] On July 28, 2025, the appeals were consolidated *sua sponte* pursuant to Pa.R.A.P. 513. **See** Order, 7/28/25.

*Id.* Furthermore:

> [A]n **Anders** brief must comply with all the following requirements:
>
> > [T]he **Anders** brief ... must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 1223-24 (citing **Santiago**, 978 A.2d at 361). After determining that counsel has satisfied the technical requirements of **Anders** and **Santiago**, this Court will then "conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous." *Id.* at 1224. However, as Appellant has filed a response to Appellate Counsel's **Anders/Santiago** brief, our independent review is limited. Although we must first determine if Appellate Counsel has complied with the **Anders/Santiago** requirements, because Appellant filed a *pro se* response, our independent review does not extend to the entire record. **Commonwealth v. Bennett**, 124 A.3d 327, 333 (Pa. Super. 2015). Rather, we will review the only the issues raised in the **Anders/Santiago** brief and those raised in Appellant's *pro se* response. **See id.** (stating "when an appellant, either acting *pro se* or through private counsel, files a response to the **Anders** brief, our independent review is limited to those issues raised in

the **Anders** brief. We then review the subsequent *pro se* or counseled filing as we do any advocate's brief").

Here, Appellate Counsel indicates that she made a conscientious examination of the record, and the **Anders** brief includes a summary of the relevant history of the case, refers to the pertinent portions of the record in her analysis of arguable appellate issues, and sets forth the conclusion that Appellant's appeal is frivolous. **Anders** Brief at 17-31. Appellate Counsel also explains her reasoning in reaching that conclusion and supports her rationale with citations to the record and pertinent legal authority. **Id.** at 18-30. Further, the record includes Appellate Counsel's petition to withdraw and a copy of the letter she sent to Appellant in which Appellate Counsel informed Appellant of his right to proceed *pro se* or retain private counsel. The letter also informed Appellant that he had the right to raise any additional points to this Court as he deemed necessary.[3] We conclude that Appellate Counsel has complied with the technical requirements for withdrawal.

## I.

As stated above, Appellate Counsel identified three issues in the **Anders** brief that might arguably support an appeal. We will address these claims in the order presented.

---

[3] As noted, Appellant has filed a *pro se* response to counsel's **Anders** brief. **See** *Pro Se* Response to **Anders** Brief, 12/16/25.

*Sufficiency of Evidence*

Our standard of review is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Robinson***, 348 A.3d 291, 297 (Pa. Super. 2025)(citation omitted and formatting altered).

At docket 4712-2022, Appellant was convicted of first-degree murder and REAP.

> An individual commits first-degree murder when he intentionally kills another human being; an intentional killing is defined as a "willful, deliberate and premeditated killing." 18 Pa.C.S. §§ 2501, 2502(a), (d).  To sustain a conviction for first-degree murder, the Commonwealth must prove that: (1) a human being was unlawfully killed; (2) the accused was responsible for the killing; and (3) the accused acted with malice and a specific intent to kill.  A jury may infer the intent to kill based on the accused's use of a deadly weapon on a vital part of the victim's body.

*Commonwealth v. Baker*, 201 A.3d 791, 795–96 (Pa. Super. 2018)(some citations and quotation marks omitted).

Here, the evidence revealed that Appellant shot Ms. Florentino in the head twice, from close range, killing her. *See* N.T., Trial, 2/3/25, at 209-12, 223-25, 231-34; N.T., Trial, 3/5/25, at 662-65. Appellant's use of a deadly weapon on a vital part of Ms. Florentino's body supports the finding of a specific intent to kill. *Baker*, 201 A.3d at 795-96. For these reasons, we conclude that the evidence was sufficient to prove first-degree murder at docket 4712-2022, and we agree with Appellate Counsel's assessment that this issue is frivolous.

REAP is defined as follows: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. Here, the record reflects that Appellant repeatedly discharged a firearm within his apartment, firing into the walls, ceiling, windows, and doors in a multi-unit residential building while an upstairs apartment was occupied, endangering his neighbor. *See* N.T., 3/5/25, at 560-61, 584, 587, 595. Upon review, we conclude that the evidence was sufficient to prove REAP at docket 4712-2022, and we agree with Appellate Counsel's conclusion that this issue is frivolous.

At docket 4713-2022, Appellant was convicted of two counts of assault of a law enforcement officer, two counts of aggravated assault (F1), three

counts of aggravated assault (F2), three counts of REAP, and three counts of obstructing administration of law or other governmental function.

Assault of a law enforcement officer is defined, in relevant part, as follows: "A person commits a felony of the first degree who attempts to cause or intentionally or knowingly causes bodily injury to a law enforcement officer, while in the performance of duty and with knowledge that the victim is a law enforcement officer, by discharging a firearm."  18 Pa.C.S. § 2702.1(a)(1). Here, Officer Mulligan and Lieutenant Chase knocked on the door of the apartment and announced their presence, and Appellant opened fire through the apartment's door and windows.  N.T., 2/3/25, at 262-63, 265, 269-70, 271, 292; N.T., 3/5/25, at 550, 560-61.  The evidence was sufficient for the jury to conclude that Appellant knew that Officer Mulligan and Lieutenant Chase were outside, and discharged his firearm toward Officer Mulligan and Lieutenant Chase in an attempt to cause them bodily injury.

Aggravated assault (attempt to cause serious bodily injury graded as an F1) is defined, in relevant part, as follows:

> A person is guilty of aggravated assault if he … attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to [police officers] while in the performance of duty[.]

18 Pa.C.S. § 2702(a)(2).  Here, the record reflects that Appellant, with knowledge that Officer Mulligan and Lieutenant Chase were at his door, repeatedly discharged a firearm through the door and windows.  N.T., 2/3/25, at 262-63, 265, 269-70, 271, 292; N.T., 3/5/25, at 550, 560-61.  The

evidence was sufficient for the jury to conclude that Appellant attempted to cause serious bodily injury to Officer Mulligan and Lieutenant Chase.

Aggravated assault (placing law enforcement officer in fear of imminent serious bodily injury graded as an F2) is defined as: "[a] person is guilty of aggravated assault if he … attempts by physical menace to put [a police officer], while in the performance of duty, in fear of imminent serious bodily injury;[.]" 18 Pa.C.S. § 2702(a)(6). As noted earlier, the record reveals that Appellant, with knowledge that Officer Mulligan and Lieutenant Chase were at his door, repeatedly discharged a firearm through the door and windows. N.T., 2/3/25, at 262-63, 265, 269-70, 271, 292; N.T., 3/5/25, at 550, 560-61. Additionally, while Appellant was firing his weapon, Officer Brown was outside and could hear the impact of Appellant's bullets near him and in the trees behind him. N.T., 2/3/25, at 335-36. The evidence was sufficient for the jury to conclude that Appellant attempted to put Officer Mulligan, Officer Brown, and Lieutenant Chase in fear of imminent serious bodily injury.

As stated above, REAP is defined as follows: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. Once more, we note that the record reflects that Appellant was shooting through the door and windows of the apartment toward Officer Mulligan, Officer Brown, and Lieutenant Chase. N.T., 2/3/25, at 262-63, 265, 269-70, 271, 292, 335-36; N.T., 3/5/25, at 550, 560-61. The evidence was sufficient for the jury to conclude that Appellant recklessly

placed Officer Mulligan, Officer Brown, and Lieutenant Chase in danger of death or serious bodily injury.

Obstructing the administration of law or other governmental function is defined as follows:

> A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

18 Pa.C.S. § 5101. We reiterate that Appellant was shooting through the ceiling, walls, door, and windows, and this continued gunfire prevented Officer Mulligan, Lieutenant Chase, and Officer Brown from entering the apartment to investigate the shooting and render aid to Ms. Florentino. N.T., 2/3/25, at 338. The evidence was sufficient for the jury to conclude that Appellant obstructed the administration of law or other governmental function.

After review, we agree with Appellate Counsel's assessment that challenges to the sufficiency of the evidence are wholly frivolous. Appellant is entitled to no relief.

*Legality of Sentences Imposed*

"Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and the scope of review is

plenary." ***Commonwealth v. Gibbs***, 181 A.3d 1165, 1166 (Pa. Super. 2018)(citation omitted).

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Likewise, a sentence that exceeds the statutory maximum is illegal. If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.

***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013)(internal citations and quotation marks omitted).

The available sentences for murder in the first degree are death or a term of life in prison without the possibility of parole. 18 Pa.C.S. § 1102(a)(1); 61 Pa.C.S. § 6137(a)(1). As stated above, the trial court imposed a sentence of life without the possibility of parole for the murder charge. Accordingly, Appellant's sentence was legal.

The maximum sentence available for each count of REAP at both 4712-2022 and 4713-2022, graded as misdemeanors of the second degree, was two years of incarceration. 18 Pa.C.S. § 1104(2). The trial court sentenced Appellant to terms of two years of probation for each REAP conviction. Therefore, Appellant's sentences for REAP were legal.

The mandatory minimum sentence for assault of a law enforcement officer was twenty years, and the statutory maximum sentence was forty years of incarceration. 18 Pa.C.S. § 2702.1(b); 42 Pa.C.S. § 9719.1(a). The trial court sentenced Appellant to terms of twenty to forty years at each count

of assault of a law enforcement officer, and therefore, the sentences were legal.

The maximum sentence for aggravated assault graded as a first-degree felony was twenty years of incarceration. 18 Pa.C.S. § 1103(1). The trial court sentenced Appellant to terms of four to eight years of incarceration at each count. As such, the sentences were legal.

The maximum sentence for aggravated assault, graded as a second-degree felony, was ten years. 18 Pa.C.S. § 1103(2). Here, the trial court sentenced Appellant to terms of one and one-half to five years of incarceration at each count, and therefore, we conclude that the sentences were legal.

Finally, the maximum sentence for obstructing administration of law, a misdemeanor of the second degree, was two years of incarceration. 18 Pa.C.S. § 1104(2). The trial court sentenced Appellant to terms of two years of probation on each count, and we conclude that the sentences were legal.

After review, we agree with Appellate Counsel's conclusion that a challenge to the legality of the sentences imposed is wholly frivolous.[4] Accordingly, Appellant is due no relief.

*Discretionary Aspects of the Sentences*

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant

---

[4] Although not specifically identified by Appellate Counsel, we discern no issues with respect to merger and the sentences imposed.

- 13 -

challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).... Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003)....

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

The record reflects that Appellant failed to challenge the discretionary aspects of his sentence at the time of sentencing or in a timely filed post-sentence motion. As such, this issue is waived pursuant to ***Griffin***, and therefore frivolous. ***See Commonwealth v. Cook***, 175 A.3d 345, 350 (Pa. Super. 2017) (finding that waived issues raised on appeal are frivolous); ***see also Commonwealth v. Cox***, 231 A.3d 1011, 1016 (Pa. Super. 2020) (explaining that this Court is not permitted to "address issues that were not properly preserved in the trial court[, and] the mere filing of an ***Anders*** brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal"). No relief is due.

**II.**

- 14 -

*Appellant's Response to **Anders** Brief*

In his *pro se* response to Appellate Counsel's petition to withdraw and ***Anders*** brief, Appellant argues that the evidence was insufficient to convict him of REAP, assault of a law enforcement officer, aggravated assault graded as a felony of the first degree, aggravated assault graded as a felony of the second degree, and obstructing administration of law or other governmental function. Appellant's Response to ***Anders*** Brief at 2-3.

At the outset, we note that Appellant's claims are wholly undeveloped. As such, we conclude that these claims are waived. ***See Commonwealth v. Bavusa***, 832 A.2d 1042, 1052 (Pa. 2003) (reiterating that claims that are undeveloped in briefs are waived); and ***Commonwealth v. Williams***, 959 A.2d 1252, 1258 (Pa. Super. 2008) (stating that "waiver results if an appellant fails to properly develop an issue or cite to legal authority to support his contention in his appellate brief"). Moreover, even if Appellant had developed his challenges to the sufficiency of the evidence, we would conclude that no relief is due. As stated above, we concluded that the evidence was sufficient to support all of Appellant's convictions, and that any challenge to the sufficiency of the evidence would be frivolous. Accordingly, even if we had not concluded that Appellant's *pro se* challenges to the sufficiency of the evidence were waived, we would conclude that he is not entitled to relief.

Next, Appellant asserts that the consecutive sentences for assault of a law enforcement officer "were excessive and harsh." Appellant's Response to ***Anders*** Brief at 3. This issue presents a challenge to the discretionary aspects

of Appellant's sentence. ***See, e.g., Commonwealth v. Glawinski***, 310 A.3d 321, 325 (Pa. Super. 2024). As discussed above, Appellant failed to preserve any challenge to the discretionary aspects of his sentence. Accordingly, this issue is waved. ***Griffin***, 65 A.3d at 935.

Appellant proceeds to assert that voluntary intoxication should mitigate his culpability, and that his degree of guilt should be third degree murder or manslaughter. Appellant's Response to ***Anders*** Brief at 4-5. Upon review, we conclude that these claims are boilerplate and wholly undeveloped. Therefore, we find these claims are waived. ***Bavusa***, 832 A.2d at 1052; ***Williams***, 959 A.2d at 1258.

Finally, Appellant baldly, and without developing any argument, claims that counsel was ineffective. Appellant's Response to ***Anders*** Brief at 5. Generally, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." ***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013). However, there are limited exceptions where ineffectiveness claims can be raised on direct appeal. The first exception applies to extraordinary circumstances in which "the claim of ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice." ***Commonwealth v. Delgros***, 183 A.3d 352, 355 (Pa. 2018) (citing ***Holmes***, 79 A.3d at 563–64). The second exception applies "where there is good cause shown and the defendant knowingly and expressly

- 16 -

waives his entitlement to seek subsequent PCRA review from his conviction and sentence." *Id.* (citing *Holmes*, 79 A.3d at 563–64). The third exception allows "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Id.* at 361.

As noted above, Appellant raises a boilerplate and undeveloped claim of ineffectiveness, and he has failed to invoke any of the exceptions set forth in *Holmes* and *Delgros*. Specifically, Appellant does not allege that counsel's ineffectiveness is apparent from the record, he has not expressly waived his rights under the PCRA, and he is not statutorily barred from seeking PCRA relief. For these reasons, Appellant's claim of ineffective assistance of counsel cannot be considered on direct appeal and must be deferred to collateral review. *Holmes*, 79 A.3d at 576.

### III.

*Conclusion*

For the reasons set forth above, we agree that an appeal on the issues identified by Appellate Counsel would be wholly frivolous. *Weitzel*, 304 A.3d at 1223; *Santiago*, 978 A.2d at 356. Additionally, we conclude that Appellant is not entitled to relief on the claims presented in his *pro se* response to the *Anders* brief. Accordingly, we affirm Appellant's judgment of sentence and grant Appellate Counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

![signature: Benjamin D. Kohler]

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>05/05/2026</u>